■ HENRY MOTZ, Respondent, v RAFAEL E. CUEVAS et al., Defendants, and AMERICAN BEVERAGE CORP., Appellant.—In an action to recover damages for wrongful death, the defendant American Beverage Corp. appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated June 28, 1985, which granted the plaintiff's motion for leave to serve an amended complaint asserting a new cause of action against it.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is denied.

Under the circumstances of this case, Special Term erred in granting the plaintiff's motion for leave to serve an amended

complaint seeking to allege a new cause of action against the defendant American Beverage Corp. (hereinafter American Beverage) sounding in negligent employment and hiring of the defendant Rafael E. Cuevas, who is accused of shooting the plaintiff's deceased. This new cause of action is concededly time barred under the applicable three-year Statute of Limitations. Moreover, we find that the plaintiff's original pleadings did not give American Beverage adequate notice of this new cause of action and thus it cannot be deemed to "relate back" to the date of the original complaint under the provisions of CPLR 203 (e) *(see, Menis v Raksin,* 125 AD2d 375). Additionally, it is significant to note that American Beverage would experience undue prejudice if the amendment were permitted in view of the fact that the corporation was sold in February 1982, has been a defunct corporation since that time, and the current whereabouts of the corporation's former principal officers are unknown. Finally, the plaintiff's motion papers herein were deficient in view of the absence of an affidavit setting forth the reasons for his delay in seeking the proposed amendment.

In view of the above, the plaintiff's motion should be denied. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.