SECOND DEPARTMENT, MAY, 1987

(May 4, 1987)

■ ROSE M. CLARK et al., Appellants, v TURNER CONSTRUCTION COMPANY, Respondent, et al., Defendants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Ritter, J.), entered March 4, 1987, which denied their motion for leave to serve a further amended complaint.

Ordered that the order is affirmed, with costs.

In September 1981, the plaintiff Rose Mary Clark allegedly sustained personal injuries including, *inter alia,* a herniated disc, when she fell over debris left by the defendant, Turner Construction Company, on the premises of her employer.

In May 1982, the plaintiff Rose Mary Clark again sustained injuries when her automobile struck a utility pole. She alleges that because of a sharp pain in her leg she was unable to brake when an animal crossed the path of her vehicle.

In April 1983, the plaintiffs commenced an action to recover damages for personal injuries, etc., against the respondent based on the accident in September 1981. No mention was made of the 1982 automobile accident in the complaint. Their complaint was amended in July 1983 to assert violations of the Labor Law.

By notice of motion dated January 24, 1986 the plaintiffs moved for leave to serve a further amended complaint. Several prior motions to the same effect had been previously denied by Special Term but those motions are not the subject of this appeal. The January 1986 proposed further amended complaint contained a second cause of action alleging that by reason of the September 1981 accident and its resultant injuries, the plaintiff Rose Mary Clark was caused to lose control of her vehicle in May 1982 and sustain further injuries.

Special Term properly denied the plaintiffs' January 1986 motion for leave to serve a further amended complaint. The complaint may not be further amended because the new claim was time barred at the time of the motion and does not relate to the original series of transactions or occurrences in such a way that the defendant could have had proper notice of that new claim (CPLR 203 [e]). Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.