■ Andrew Crispo Gallery, Inc., Appellant, v James H. Maroney, Jr., et al., Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 25, 1991, which, insofar as appealed from, denied plaintiff's cross motion to amend its complaint, unanimously affirmed, with costs.

We agree with the IAS Court that plaintiff shows no facts that would warrant amendment of the complaint to assert an equitable interest in the Peto painting recently resold by defendant. It is undisputed that under the parties' purchase agreement, title to the painting was to remain with the seller until the painting was paid for in full. Since plaintiff never paid for the painting in full, ownership never passed, and, under UCC 2-706 (6), plaintiff is not entitled to any profits realized by defendant on the resale of the painting.

Thus, plaintiff's only possible claim is for restitution for the monies it paid toward the purchase of the Peto painting, claims that are time-barred as having accrued in 1982. In order to avoid the Statute of Limitations, plaintiff links the Peto transaction with another transaction that concerned a different painting, but the record shows that two separate invoices were issued, neither of which makes reference to the other, and contains a letter from plaintiff to defendant clearly stating that the two transactions "have always been two separate transactions." Nor does the relation-back doctrine of CPLR 203 (e) avail plaintiff, whose original pleading made no mention of the Peto painting or the Peto agreement *(Motz v Cuevas,* 127 AD2d 637). The doctrine is not triggered by defendants' mention of the Peto agreement in their counterclaim *(Shapiro v Schoninger,* 122 AD2d 38). Concur—Murphy, P. J., Ellerin, Kupferman, Kassal and Rubin, JJ.