■ SUSAN A. CLARK, Appellant, v KENNETH FOLEY, Respondent. [658 NYS2d 429] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Leone, J.), entered May 29, 1996, which denied her motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

According to the allegations of the 1994, timely, verified complaint, the plaintiff was injured on September 1, 1991, when she fell from the porch of the defendant's Staten Island home as she tried to "distance herself" from a dispute between the defendant and two other individuals, Debra and Edith Rossetti. The original complaint charged that the plaintiff slipped on a greasy spot near a garbage can and fell off the porch, seven feet to the ground. As a result, the plaintiff allegedly fractured her right ankle.

By notice of motion dated February 22, 1996, the plaintiff sought leave to serve an amended complaint alleging that, while standing on the defendant's front porch, *she* had been the victim of an assault by Debra and Edith Rossetti, and that the defendant was negligent in retreating to the safety of his home without doing anything to protect her, and in failing to control the aggressive conduct of Debra and Edith Rossetti, despite his knowledge that the Rossettis had a history of harassing her. The amended complaint also alleged an entirely new injury, specifically, that as a result of weakness in her ankle which had been injured in this fall, the plaintiff fell from a ladder on June 23, 1993, and fractured a bone in her left forearm. The Supreme Court denied the plaintiff's motion and we now affirm.

Initially, we find that the plaintiff's motion, supported only by an affirmation of her attorney, who had no personal knowledge of the facts, was defective. The attorney's affirmation did not persuasively explain why the allegations of the amended

complaint were not contained in the original complaint, nor did the plaintiff provide an affidavit demonstrating the merits of her proposed amendment. Therefore, the plaintiff was not entitled to be granted leave to serve an amended complaint (see, Mathiesen v Mead, 168 AD2d 736; Smith v Bessen, 161 AD2d 847; Motz v Cuevas, 127 AD2d 637; Beekman v Sylvan Lawrence, Inc., 111 AD2d 658).

In any event, the Supreme Court properly determined that the plaintiff's proposed amendment was time-barred, and did not fall within the relation back exception under CPLR 203 (f), as the original complaint did not give the defendant notice of the transactions or occurrences underlying the proposed amended complaint (see, D&D Knits v Grand Morgan Realty Corp., 213 AD2d 372; Jolly v Russell, 203 AD2d 527; Brown v Vail-Ballou Press, 188 AD2d 972; see also, Clark v Turner Constr. Co., 130 AD2d 454).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.