■ DONALD R. WELLER, Appellant, v COLLEGES OF THE SENECAS, Also Known as HOBART AND WILLIAM SMITH COLLEGES, Defendant, and MARRIOTT MANAGEMENT SERVICES CORP., Respondent. [689 NYS2d 588] —Order unanimously affirmed without costs. Memorandum: Plaintiff appeals from an order that granted the motion of defendant Marriott Management Services Corp. (Marriott) for summary judgment dismissing the complaint against it and denied the cross motion of plaintiff to amend the complaint. This is the third time that this personal injury action has come before our Court (*see, Weller v Marriott Mgt. Servs. Corp.,* 238 AD2d 888; *Weller v Colleges of the Senecas,* 217 AD2d 280).

Supreme Court did not abuse its discretion in denying plaintiff's cross motion to amend the complaint to allege willful or malicious conduct by Marriott, which, if established, would remove the case from the purview of General Obligations Law § 9-103 (2) (a). When seeking leave to amend a pleading, the moving party must provide "an affidavit of merit and evidentiary proof that could be considered upon a motion for sum-

mary judgment" (*Silver v Equitable Life Assur. Socy.*, 168 AD2d 367, 369; *see, Mathiesen v Mead*, 168 AD2d 736; *Alexander v Seligman*, 131 AD2d 528). Here, in support of the cross motion, plaintiff submitted only his attorneys' affirmations, which failed to establish the merit of the proposed amendment.

The court properly granted Marriott's motion. Although we agree with plaintiff that the law of the case doctrine does not apply on this summary judgment motion, Marriott did not seek summary judgment based on that doctrine. Rather, Marriott sought summary judgment pursuant to General Obligations Law § 9-103, and we conclude that Marriott established that the statute applies to it. It is uncontroverted that Marriott had an authorized presence on the property. In determining whether a party is an occupant, its "authorized presence on the premises [is] sufficient to bring it within the meaning of occupant in the statute" (*Albright v Metz*, 88 NY2d 656, 665). That is so even if the party "did not control access to the land or hold the right to exclude people from the property" (*Albright v Metz, supra*, at 665). (Appeal from Order of Supreme Court, Ontario County, Scudder, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., and Callahan, JJ.