■ MARIA SABELLA et al., Respondents, v FRANK VACCARINO, Appellant, et al., Defendants. [692 NYS2d 475] —In a consolidated action to recover damages, *inter alia*, for medical malpractice and the negligent manufacture of a medical device, the defendant Frank Vaccarino appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Levine, J.), dated March 16, 1998, as granted that branch of the plaintiffs' motion which was for leave to amend the complaint to add a cause of action based on fraud, and (2) so much of an order of the same court (Spodek, J.), dated April 22, 1998, as denied his cross motion to dismiss the amended complaint.

Ordered that the order dated March 16, 1998, is reversed insofar as appealed from, and the plaintiffs' motion is denied; and it is further,

Ordered that the order dated April 22, 1998, is reversed insofar as appealed from, the cross motion is granted, the amended complaint is dismissed, and the original complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The original complaint in this action, which dates from 1991, alleges that the appellant was negligent in the delivery of medical care to the plaintiff Maria Sabella. The complaint alleged that this negligence included the appellant "utilizing improper and defective surgical hardware in the treatment of plaintiff's intertrochanteric fracture of the right hip". In 1997, the plaintiffs sought leave to amend their complaint in order to add additional allegations that the appellant "intentionally substituted the orthopedic device explanted from plaintiff with

a similar * * * device in an attempt to intentionally [to] undermine plaintiffs' cause of action herein". In an order dated March 16, 1998, the court, characterizing these allegations as supporting a cause of action "tantamount to fraud", granted that branch of the plaintiffs' motion which was for leave to amend the complaint. The order also directed that the action be removed from the trial calendar in order to permit further discovery. On or about April 2, 1998, the plaintiffs served an amended complaint which did not conform to the proposed amended complaint which the court had given them leave to serve. In an order dated April 22, 1998, the court directed that the action be restored to the calendar and denied the appellant's cross motion to dismiss the amended complaint.

We agree with the appellant's argument that the "fraud" cause of action which is contained in the amended complaint does not state a claim upon which relief may be granted (see, Luciano v Levine, 232 AD2d 378). Even assuming that the allegations state a valid cause of action to recover damages for fraud, the original complaint gives no notice whatsoever of the transaction upon which these allegations are based, and hence, the "fraud" claim does not relate back to the original malpractice claim for the purposes of determining the time of its interposition (see, e.g., Jolly v Russell, 203 AD2d 527; Smith v Bessen, 161 AD2d 847). We also agree that the plaintiffs must be deemed to have discovered the purported "fraud" as of that time when, following the surgical removal of the subject medical device from the plaintiff Maria Sabella, the appellant allegedly gave the plaintiffs a device other than the one he had removed. Therefore, the "fraud" cause of action is untimely (see, K & E Trading & Shipping v Radmar Trading Corp., 174 AD2d 346).

For the foregoing reasons, leave to amend should not have been granted. This error was compounded when the plaintiffs then served an amended complaint which contains an additional cause of action, and which amplifies the allegations of fraud. The court should not have denied the subsequent cross motion to dismiss the amended complaint, which was served without leave. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.