■ GERDA HYACINTHE, Appellant, v LANCE EDWARDS et al., Respondents. [781 NYS2d 771]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 7, 2003, which granted the motion of the defendant St. Charles Hospital and Rehabili-

tation Center for summary judgment dismissing the complaint insofar as asserted against it and, in effect, upon searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Lance Edwards. The appeal brings up for review so much of an order of the same court dated August 25, 2003, made upon reargument, as adhered to the original determination dismissing the complaint insofar as asserted against the defendant St. Charles Hospital and Rehabilitation Center (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated February 7, 2003, is dismissed, as that order was superseded by the order dated August 25, 2003, made upon reargument; and it is further,

Ordered that the order dated August 25, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant St. Charles Hospital and Rehabilitation Center.

The defendant Dr. Lance Edwards performed surgery on the plaintiff in January 1999 at St. Charles Hospital and Rehabilitation Center (hereinafter St. Charles). After complications arose, the plaintiff commenced this action to recover damages for medical malpractice against Dr. Edwards and St. Charles in January of 2002. St. Charles moved for summary judgment pursuant to the $2^{1}/_{2}$-year statute of limitations applicable to medical malpractice actions (*see* CPLR 214-a). The Supreme Court granted summary judgment in favor of both defendants on the ground that the action was time-barred. The plaintiff moved for leave to reargue, and by order dated August 25, 2003, the Supreme Court granted the motion and adhered to its initial determination regarding the dismissal of the complaint insofar as asserted against St. Charles. The Supreme Court also determined that the statute of limitations had been extended because the plaintiff was under the continuous treatment of Dr. Edwards, and reinstated the complaint insofar as asserted against him. The plaintiff appeals. Pursuant to CPLR 5517 (b), we review those portions of the August 25, 2003, order which, upon reargument, adhered to that portion of the prior order which dismissed the complaint insofar as asserted against St. Charles.

The Supreme Court properly dismissed the cause of action asserted against St. Charles. The complaint alleged, inter alia, that St. Charles negligently failed to provide proper medical care by failing to insert a Foley catheter and failing to discover a malfunctioning morphine pump. Since those allegations involved a failure of medical skills not ordinarily possessed by

lay persons, they sounded in medical malpractice (*see Evangelista v Zolan*, 247 AD2d 508, 509 [1998]; *Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978 [1983]). At the time the complaint was filed, the 2½-year statute of limitations for medical malpractice had already expired (*see* CPLR 214-a). After the statute of limitations for ordinary negligence had also run, the plaintiff served a bill of particulars alleging that St. Charles negligently failed to provide properly trained nurses and failed to promulgate proper rules and regulations. These allegations sounded in ordinary negligence (*see Bleiler v Bodnar*, 65 NY2d 65, 72-73 [1985]).

The pleadings may not be amended to state a new or changed cause of action if the time to file such an action has run (*see e.g. Kasten v Blaustein*, 214 AD2d 539 [1995]; *Berger v State of New York*, 171 AD2d 713 [1991]; *Clausell v Ullman*, 141 AD2d 690 [1988]; *Menis v Raksin*, 125 AD2d 375 [1986]). The new allegations set forth in the bill of particulars did not relate back to the date of the original complaint because the original pleadings did not fairly apprise St. Charles of the need to defend against them (*see* CPLR 203 [f]; *Clark v Foley*, 240 AD2d 458, 459 [1997]; *Jolly v Russell*, 203 AD2d 527, 528 [1994]). Therefore, the Supreme Court properly granted summary judgment dismissing the cause of action asserted against St. Charles.

We do not address the plaintiff's contention that so much of the order dated February 7, 2003, as granted summary judgment to Dr. Edwards should be reversed, as the order dated August 25, 2003, made upon reargument, reinstated the complaint insofar as asserted against Dr. Edwards. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.