■ 39 College Point Corp., Appellant, v Transpac Capital Corp., Respondent, et al., Defendants. [810 NYS2d 520]—

In an action pursuant to RPAPL article 15 for a judgment declaring a mortgage null and void, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated November 9, 2004, which denied its motion for leave to serve and file an amended complaint to add a new cause of action to recover damages, in effect, for slander of title.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is granted, and the amended complaint in the form annexed to the motion papers before the Supreme Court, Queens County, is deemed served upon service upon the respondent of a copy of this decision and order.

Leave to amend a complaint shall be freely given unless the proposed amendment would cause prejudice or surprise to the opposing party (*see* CPLR 3025 [b]; *Serratore v Vetere,* 137 AD2d 750 [1988]). Furthermore, "[a]n amendment of a complaint to allege a new cause of action may be allowed, even where it would be time-barred standing alone, if the new cause relates back to

the facts, circumstances and proof underlying the original complaint" (*Pinchback v City of New York,* 51 AD2d 733, 733-734 [1976]; *see* CPLR 203 [f]; *Finter v Metro N. R.R.,* 291 AD2d 531 [2002]; *Presutti v Suss,* 254 AD2d 785 [1998]; *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538 [1998]; *cf. C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.],* 15 AD3d 905, 906-907 [2005]). Here, the plaintiff sought to interpose a new cause of action alleging the tort of slander of title, the elements of which are "(1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages" (*Brown v Bethlehem Terrace Assoc.,* 136 AD2d 222, 224 [1988]; *see Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 831 [1984]; *cf. Fink v Shawangunk Conservancy, Inc.,* 15 AD3d 754, 756 [2005]; *Hanbidge v Hunt,* 183 AD2d 700, 701 [1992]; *Carnival Co. v Metro-Goldwyn-Mayer,* 23 AD2d 75, 77 [1965]). "There is no doubt that the act of wrongfully filing of record an unfounded claim to the property of another is actionable as slander of title . . . The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result" (*Hanbidge v Hunt, supra* at 701, quoting Annotation, *Recording of Instrument Purporting to Affect Title as Slander of Title,* 39 ALR2d 840, 842-843; *cf. Brown v Bethlehem Terrace Assoc., supra*).

In the instant dispute, the plaintiff's original complaint contained allegations supporting a cause of action sounding in slander of title. The cause of action was not patently lacking in merit, and there would be no surprise to the defendant Transpac Capital Corp. (hereinafter Transpac) if the amendment were permitted (*see Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.,* 20 AD3d 439, 440 [2005]; *Nissenbaum v Ferazzoli,* 171 AD2d 654, 655 [1991]). Moreover, because the proposed amendment relates back to the allegations contained in the original complaint, it was not time-barred (*see* CPLR 203 [f]; *C-Kitchens Assoc. v Travelers Ins. Cos., supra*; *Finter v Metro N. R.R., supra*; *Pinchback v City of New York, supra*). The Supreme Court thus improvidently denied the plaintiff's motion. It should have permitted the plaintiff to amend its complaint to add a cause of action alleging slander of title (*see Beverage Mktg. USA v South Beach Beverage Co., supra*).

In addition, under the circumstances of this case, the plaintiff was not required to submit an affidavit of merit in connection with its motion (*see English v Ski Windham Operating Corp.,*

263 AD2d 443, 445 [1999]; *see also Sample v Levada,* 8 AD3d 465, 467-468 [2004]; *Zacma Cleaners Corp. v Gimbel,* 149 AD2d 585, 586 [1989]; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204, 205 [1986]; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514 [1982]; *cf. Gold Medal Packing v Rubin,* 6 AD3d 1084, 1085 [2004]). Miller, J.P., Crane, Luciano and Rivera, JJ., concur.