■ KEITH J. PANACCIONE et al., Individually and as Administrators of the Estate of G.D.P., Deceased, Respondents, v BHASKAR T. ACHER, M.D., et al., Appellants. [816 NYS2d 780]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered July 26, 2005 in a medical malpractice action. The order granted plaintiffs' motion for leave to amend the verified complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion with respect to the proposed third cause of action and the proposed fifth cause of action insofar as it is based upon the proposed third cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for the conscious pain and suffering and wrongful death of their son, who allegedly died due to perinatal asphyxia on June 15, 2000, approximately four hours after he was born. On or about May 25, 2005, plaintiffs moved for leave to amend the verified complaint (see CPLR 3025 [b]). They submitted a proposed amended verified complaint containing, insofar as relevant on appeal, a third cause of action, for physical injury to plaintiff mother allegedly caused by defendants' malpractice during the birth of plaintiffs' son, and a fifth cause of action, for plaintiff father's loss of consortium. We agree with defendants that Supreme Court erred in granting those parts of the motion with respect to the proposed third cause of action and the proposed fifth cause of action insofar as it is based upon plaintiff mother's alleged physical injury, and we therefore modify the order accordingly.

As defendants correctly contend, the proposed cause of action for physical injury to plaintiff mother is barred by the medical malpractice statute of limitations (see CPLR 214-a), and that cause of action cannot be deemed to have been interposed pursuant to CPLR 203 (f) at the time the original complaint was filed. Inasmuch as the original complaint asserts only causes of action for the conscious pain and suffering and wrongful death of plaintiffs' son, it fails to "give notice of the . . . occurrences . . . to be proved pursuant to the amended pleading" as required by CPLR 203 (f) (see D&D Knits v Grand Morgan Realty Corp., 213 AD2d 372, 372-373 [1995]; see also Hyacinthe

*v Edwards*, 10 AD3d 629, 630-631 [2004]; *Clark v Foley*, 240 AD2d 458, 459 [1997], *lv dismissed* 91 NY2d 921 [1998]).

Even assuming, arguendo, that the proposed third cause of action is not time-barred, we would nevertheless conclude that the court abused its discretion in granting leave to amend the complaint to assert that cause of action inasmuch as plaintiffs failed to establish the merit of that cause of action by " 'evidentiary proof that could be considered upon a motion for summary judgment' " (*Weller v Colleges of the Senecas*, 261 AD2d 852, 852-853 [1999], *lv denied* 93 NY2d 817 [1999]). Here, plaintiffs submitted only the original pleadings, an attorney's affidavit, and the proposed amended verified complaint. The attorney's affidavit lacks any evidentiary value (*see generally Barnes-Pierce v McDermott*, 198 AD2d 635, 636-637 [1993]), and the proposed amended verified complaint does not contain the requisite evidentiary proof establishing the merit of the proposed cause of action, i.e., that defendants' alleged malpractice caused plaintiff mother to sustain physical injury "beyond that naturally attendant to childbirth" (*Saguid v Kingston Hosp.*, 213 AD2d 770, 771 [1995], *lv dismissed* 87 NY2d 861 [1995], 88 NY2d 868 [1996]; *see generally Weller*, 261 AD2d at 852-853; *Lucido v Vitolo*, 251 AD2d 383 [1998]; *Clark*, 240 AD2d at 458-459; *Sober v Kalina*, 208 AD2d 1140 [1994]).

The court having thus erred in granting that part of plaintiffs' motion with respect to the proposed third cause of action, it necessarily follows that the court further erred in granting that part of plaintiffs' motion with respect to the fifth cause of action insofar as it is based upon plaintiff mother's alleged physical injury. Defendants concede that the court properly granted that part of plaintiffs' motion with respect to the proposed fourth cause of action, for plaintiff mother's emotional distress, and thus we conclude that the court properly granted that part of plaintiffs' motion with respect to the proposed fifth cause of action insofar as it is based upon plaintiff mother's emotional distress (*see Pratt v Ocean Med. Care*, 236 AD2d 380 [1997]; *Estate of Unterweiser v Town of Hempstead*, 235 AD2d 453 [1997]; *Delosovic v City of New York*, 143 Misc 2d 801, 810-812 [1989], *affd* 174 AD2d 407 [1991], *lv denied* 79 NY2d 751 [1991]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.