■ KEVIN PENDLETON, Appellant, v CITY OF NEW YORK et al., Respondents. [843 NYS2d 648]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals, as limited by

his brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 24, 2006, as granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the fifth cause of action of the amended complaint insofar as asserted against the defendants City of New York and New York City Police Department and so much of the fifth cause of action as was predicated upon claims of false arrest and false imprisonment insofar as asserted against the defendant Joseph Falcone.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the fifth cause of action of the amended complaint insofar as asserted against the defendants City of New York and New York City Police Department and so much of the fifth cause of action as was predicated on claims of false arrest and false imprisonment insofar as asserted against the defendant Joseph Falcone are denied.

The plaintiff was arrested in 1991 on a charge of second degree murder and related charges. He was incarcerated for approximately 13 months before being released on his own recognizance on September 8, 1992. On November 13, 1992, the charges against him were dismissed. In February 1993 he served a notice of claim upon the City of New York, naming, as respondents, the City, the New York City Police Department (hereinafter the municipal defendants) and the arresting officer, Detective Joseph Falcone. The plaintiff then commenced this action asserting causes of action sounding in false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent hiring and training. The original complaint set forth the circumstances surrounding his arrest and incarceration and alleged, inter alia, that the municipal defendants had breached their duty "to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of its police officers, detectives, servants, agents, employees and/or personnel."

In 2004 the Supreme Court granted the plaintiff's motion for leave to amend the complaint to set forth violations of the federal and state constitutions and the federal Civil Rights Act (42 USC § 1983). The fifth cause of action of the amended complaint alleged that the plaintiff's constitutional rights were violated as a result of policies or customs of the municipal defendants concerning the hiring, training, supervision, retention, and discipline of members of the police department, and those involving the arrest, detention, and prosecution of

individuals, especially those of African-American descent. It alleged that the municipal defendants had policies or customs of: "encouraging, approving and/or tolerating the use by the NYPD of excessive force and acts of misconduct against civilians, and especially those civilians who are of African American descent, and subsequent attempts to conceal such actions by failing to adequately train, supervise, and discipline its agents, employees and offices." The fifth cause of action also alleged that the municipal defendants were "deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, and especially those civilians who are of African American descent, and established a custom policy and/or practice of encouraging, approving and/or tolerating the use of said improper procedures by the NYPD and subsequent attempts to conceal such actions by failing to adequately train, supervise, and discipline its agents, employees and offices." Further, it alleged that the municipal defendants failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority.

The defendants cross-moved, inter alia, to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (5) as time-barred, arguing that the plaintiff could not benefit from the relation-back doctrine of CPLR 203 (f) since the original complaint did not give notice of the transactions or occurrences underlying the Civil Rights Act cause of action. The defendants further sought to dismiss the first cause of action alleging state-law causes of action to recover damages for false arrest and imprisonment for a failure to serve a timely notice of claim (see General Municipal Law § 50-e [1] [a]).

The plaintiff conceded the untimeliness of his notice of claim as applied to his first cause of action alleging false arrest and imprisonment, and the Supreme Court granted that branch of the defendant's cross motion which was to dismiss that cause of action. The Supreme Court further granted that branch of the defendant's cross motion which was to dismiss, as time-barred, the fifth cause of action insofar as asserted against the municipal defendants. The Supreme Court held that the original complaint did not give sufficient notice of the policies or customs of those defendants to be proven in a cause of action pursuant to 42 USC § 1983 such that the fifth cause of action related back to the allegations of the original complaint. As to the fifth cause of action insofar as asserted against Detective Falcone, the Supreme Court determined that it did relate back to the allegations of the original complaint, but only to the extent that such cause of action was predicated on allegations of malicious

prosecution, since the first cause of action alleging false arrest and imprisonment had been dismissed. The plaintiff appeals and we reverse.

CPLR 203 (f) states: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." This principle, termed the "relation-back doctrine," permits a plaintiff to interpose a claim or cause of action which would ordinarily be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint (*see 39 Coll. Point Corp. v Transpac Capital Corp.,* 27 AD3d 454 [2006]; *Bank of N.Y. v Midland Ave. Dev. Co.,* 248 AD2d 342, 344 [1998]). A new legal theory of recovery may be asserted, so long as it arises from the same transactions alleged in the original complaint (*see 39 Coll. Point Corp. v Transpac Capital Corp.,* 27 AD3d 454 [2006]; *C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.],* 15 AD3d 905 [2005]; *Lawless v City of Buffalo,* 177 AD2d 1007, 1008 [1991]).

The sine qua non of the relation-back doctrine is notice (*see 390 W. End Assoc. v Nelligan,* 35 AD3d 306 [2006]; *Secore v Allen,* 27 AD3d 825 [2006]; *United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC,* 22 AD3d 1017 [2005]). Where the allegations of the original complaint gave the defendants notice of the facts and occurrences giving rise to the new cause of action, the new cause of action may be asserted (*see Schutz v Finkelstein Bruckman Wohl Most & Rothman,* 247 AD2d 460 [1998]). However, where the original allegations did not provide the defendants notice of the need to defend against the allegations of the amended complaint, the doctrine is unavailable (*see Hyacinthe v Edwards,* 10 AD3d 629 [2004]).

For a cause of action pursuant to 42 USC § 1983 to lie against a municipality, the action that is alleged to be unconstitutional must "implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" (*Monell v New York City Dept. of Social Servs.,* 436 US 658, 690 [1978]) or have occurred pursuant to a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law" (*Adickes v S. H. Kress & Co.,* 398 US 144, 168 [1970]; *see Monell v New York City Dept. of Social Servs.,* 436 US at 691). A city may be liable pursuant to 42 USC § 1983 for a failure to properly train police of-

ficers, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" (*Canton v Harris,* 489 US 378, 388 [1989]).

The amended complaint alleged that the plaintiff's rights were violated by numerous specific policies or customs of the municipal defendants, all of which were tied to their alleged improper training of police employees. Those allegations are amplifications of the original allegation that the municipal defendants failed to properly train police on "appropriate rules applicable to the duties, activities and behaviors" of police employees. They are based on the same transactions and occurrences as were at issue in the original negligent-training cause of action and are a "mere expansion" of the original allegations (*Krioutchkova v Gaad Realty Corp.,* 28 AD3d 427, 428 [2006]). Accordingly, the Civil Rights Act cause of action, insofar as asserted in the amended complaint against the municipal defendants based on improper training relates back to the negligent hiring and training allegations contained in the original complaint (*see* CPLR 203 [f]). Since the original complaint was filed well within the three-year statute of limitations applicable to causes of action pursuant to 42 USC § 1983 interposed in this State (*see Owens v Okure,* 488 US 235, 250 [1989]), the Supreme Court erred in granting that branch of the cross motion which was to dismiss the fifth cause of action of the amended complaint insofar as asserted against the municipal defendants.

As to so much of the fifth cause of action as was asserted against Detective Falcone, the Supreme Court erred in limiting it to violations based only on malicious prosecution. A new claim relates back to the "allegations" of an original complaint, not the causes of action (*see Bank of N.Y. v Midland Ave. Dev. Co.,* 248 AD2d 342, 343 [1998]). The dismissal of the state-law cause of action to recover damages for false arrest and imprisonment did not vitiate the related allegations of the original complaint. So long as an original complaint provides notice of the transactions or occurrences underlying a new claim, relation back is permitted, regardless of whether the legal theory pleaded in the original complaint has merit (*see* CPLR 203 [f]). The defendants' interpretation of the statute would, in essence, require that one must be successful on the cause of action pleaded in the original complaint in order to amend the complaint to add a new legal theory, an interpretation which would undercut the rule permitting such amendment (*see 39 Coll. Point Corp. v Transpac Capital Corp.,* 27 AD3d 454 [2006]; *C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.],* 15 AD3d 905 [2005]).

The notice of claim requirements of General Municipal Law § 50-e do not apply to federal civil rights claims asserted pursuant to 42 USC § 1983 (*see Felder v Casey,* 487 US 131 [1988]; *Zwecker v Clinch,* 279 AD2d 572 [2001]). Therefore, the dismissal of the state-law cause of action on that basis does not affect the validity of the Civil Rights Act cause of action. All of the allegations necessary to give Detective Falcone notice of a Civil Rights Act cause of action against him, based on false arrest and imprisonment, were included in the original complaint. Accordingly, such cause of action relates back to the original allegations and is timely, regardless of the fact that the plaintiff may not recover based on the originally-pleaded legal theory. Rivera, J.P., Ritter, Santucci and Dillon, JJ., concur. [*See* 11 Misc 3d 1080(A), 2006 NY Slip Op 50632(U).]