■ MICHAEL FISHER et al., Appellants, v JOHN GIUCA et al., Defendants, and AL CLEARY Respondent. [893 NYS2d 184]—

On October 11, 2003, the plaintiffs' son was shot and killed. Two men, John Giuca and Antonio Russo, were convicted of the murder (*see Fisher v DiPietro,* 54 AD3d 892 [2008] [reciting the facts of the case in detail]). The plaintiffs commenced this action to recover damages for wrongful death and negligence against, among others, Giuca and Russo, the decedent's friend, Angel DiPietro, and DiPietro's friend, Al Cleary. The Supreme Court granted that branch of Cleary's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and denied the plaintiffs' application for leave to serve an amended complaint. We affirm the order insofar as appealed from.

" '[A] motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law' " (*Fisher v DiPietro,* 54 AD3d at 893-894, quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 38 AD3d 34, 38 [2006]).

Here, the causes of action asserted against Cleary are predicated on the "Good Samaritan" rule, which, as enunciated in the Restatement (Second) of Torts § 324, provides that "[o]ne who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him" (*Fisher v DiPietro,* 54 AD3d at 894).

The complaint stated only that DiPietro failed to exercise reasonable care when she "volunteered to care" for the decedent. This Court held, in *Fisher v DiPietro* (54 AD3d at 895), where the complaint was identical to the one in the instant case, that it failed to state a cognizable cause of action against DiPietro, noting that there was "nothing to suggest that DiPietro knew or should have known either that violence was planned against [the decedent] after she left the [Giuca] house, or that her remaining there would have secured his safety" (*id.* at 895). Here, although the complaint alleges facts suggesting that

Cleary was aware of Giuca's propensity for violence, there is nothing to suggest that Cleary undertook a duty to rescue the decedent. Thus, the Supreme Court correctly granted that branch of Cleary's motion which was to dismiss the complaint insofar as asserted against him.

Furthermore, the court properly denied the plaintiffs' application for leave to serve an amended complaint. The allegations in the original complaint did not fairly apprise Cleary of "the occurrences . . . to be proved pursuant to the amended pleading" (CPLR 203 [f]). Thus, the new theories in the proposed amended complaint do not relate back to the original complaint, and are time-barred (see Panaccione v Acher, 30 AD3d 989, 990 [2006]; Hyacinthe v Edwards, 10 AD3d 629, 631 [2004]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.