■ KATHY CADY, Appellant, v SPRINGBROOK NY, INC., Formerly Known as UPSTATE HOME FOR CHILDREN AND ADULTS, INC., Respondent. [44 NYS3d 107]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Forman, J.), dated October 6, 2014, as granted the defendant's motion to dismiss the amended complaint as time-barred except insofar as it relates to the claims asserted in the original complaint arising from the "alleged ingestion of foreign objects."

Ordered that the order is affirmed insofar as appealed from, with costs.

By summons and complaint filed March 30, 2012, this action was commenced on behalf of A.M. against the defendant, Springbrook NY, Inc., formerly known as Upstate Home for Children and Adults, Inc. The complaint alleged that the defendant was negligent in its care and supervision of A.M., in that, from January 2007 through March 2008, the defendant failed to appropriately supervise A.M., resulting in A.M.'s ingestion of multiple foreign objects. In an amended complaint dated October 9, 2013, the following allegations, inter alia, were added: intimidation by other residents; physical and psychological abuse from staff members; failure to properly administer medication; causing A.M. to undergo unauthorized and inappropriate medical treatment without informed consent; negligently administering an unauthorized influenza vaccination; and failure to implement A.M.'s Individualized Education Plan. The defendant moved to dismiss the amended complaint except insofar as it related to the claims asserted in the original complaint arising from the "alleged ingestion of foreign objects." The defendant argued that the proposed amendments did not relate back to the original complaint and were therefore barred by the statute of limitations. The Supreme Court granted the defendant's motion. The plaintiff appeals.

The "relation-back doctrine" permits a plaintiff "to interpose a claim or cause of action which would ordinarily be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (*Pendleton v City of New York*, 44 AD3d 733, 736 [2007]; *see* CPLR 203 [f]; *39 Coll. Point Corp. v*

*Transpac Capital Corp.*, 27 AD3d 454, 455 [2006]). Under this doctrine, a new theory of recovery may be asserted, so long as it arises from the same transactions alleged in the original complaint (*see 39 Coll. Point Corp. v Transpac Capital Corp.*, 27 AD3d at 455; *C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.]*, 15 AD3d 905, 906 [2005]). Where the allegations of the original complaint gave the defendants notice of the facts and occurrences giving rise to the new cause of action, the new cause of action may be asserted (*see Pendleton v City of New York*, 44 AD3d at 736; *Schutz v Finkelstein Bruckman Wohl Most & Rothman*, 247 AD2d 460, 460-461 [1998]). Where, however, the original allegations did not provide the defendants notice of the need to defend against the allegations of the amended complaint, the doctrine is unavailable (*see Pendleton v City of New York*, 44 AD3d at 736; *Hyacinthe v Edwards*, 10 AD3d 629, 631 [2004]). Thus, if the new claim "relates back to the facts, circumstances and proof underlying the original complaint," it will not be barred by the statute of limitations (*39 Coll. Point Corp. v Transpac Capital Corp.*, 27 AD3d at 454-455 [internal quotation marks omitted]).

Here, contrary to the plaintiff's contentions, the Supreme Court properly determined that the defendant was entitled to dismissal of the proposed amendments that were unrelated to the alleged ingestion of foreign objects. Those claims did not relate back to the original complaint and were, therefore, time-barred (*see* CPLR 203 [f]; 214 [5]; 215 [3]; *Calamari v Panos*, 131 AD3d 1088 [2015]; *Infurna v City of New York*, 270 AD2d 24 [2000]; *Clark v Foley*, 240 AD2d 458 [1997]; *Jolly v Russell*, 203 AD2d 527 [1994]; *cf. Pendleton v City of New York*, 44 AD3d 733 [2007]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.