CDx Labs., Inc. v Zila, Inc. (2018 NY Slip Op 04693)





CDx Labs., Inc. v Zila, Inc.


2018 NY Slip Op 04693


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-03519
 (Index No. 30655/13)

[*1]CDx Laboratories, Inc., et al., appellants, 
v
Zila, Inc., defendant, Henry Schein, Inc., respondent.


Ellenoff Grossman & Schole, LLP, New York, NY (James K. Landau and Frank Spano of counsel), for appellants.
Proskauer Rose, LLP, New York, NY (Jordan B. Leader, Alyse F. Stach, and Kevin Perra of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for misappropriation of trade secrets, unfair competition, and tortious interference with business relations, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated March 7, 2016. The order denied the plaintiffs' motion for leave to amend the complaint to assert a cause of action to recover damages for breach of contract against the defendant Henry Schein, Inc.
ORDERED that the order is affirmed, with costs.
The plaintiffs, CDx Laboratories, Inc. (hereinafter CDx), and Oral Cancer Prevention International, Inc., commenced this action on February 1, 2013, alleging causes of action to recover damages for misappropriation of trade secrets, unfair competition, and tortious interference with business relations. On May 13, 2015, the plaintiffs moved for leave to amend the complaint to assert a cause of action to recover damages for breach of contract against the defendant Henry Schein, Inc. (hereinafter Schein). By order dated March 7, 2016, the Supreme Court denied the motion. The plaintiffs appeal.
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mannino v Wells Fargo Home Mtge. Inc., 155 AD3d 860, 862; see CPLR 3025[b]; Assevero v Hamilton & Church Props., LLC, 154 AD3d 728; Lucido v Mancuso, 49 AD3d 220). " A determination whether to grant such leave is within the Supreme Court's broad discretion, and [*2]the exercise of that discretion will not be lightly disturbed'" (Finkelstein v Lincoln Natl. Corp., 107 AD3d 759, 761, quoting Gitlin v Chirinkin, 60 AD3d 901, 902; see Cullen v Torsiello, 156 AD3d 680).
A cause of action alleging breach of contract is governed by a six-year statute of limitations (see CPLR 213[2]) and accrues at the time of the alleged breach (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765). Here, even assuming that the relation-back doctrine applies and that the plaintiffs' proposed breach of contract cause of action is deemed interposed at the time that the original complaint was filed (see CPLR 203[1][f]; O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 86; Cady v Springbrook NY, Inc., 145 AD3d 846, 846-847), the statute of limitations for asserting that cause of action has expired. The proposed amended complaint alleges only that Schein breached a certain agreement with CDx "regularly," "[b]eginning in or around 2002." No allegations are made, and the plaintiffs' evidence otherwise fails to establish, that Schein breached the agreement within the six years immediately preceding the filing of the original complaint; that is, after February 1, 2007 (see CPLR 213[2]). Accordingly, the plaintiffs' motion for leave to amend the complaint was properly denied (see Cady v Springbrook NY, Inc., 145 AD3d 846; Carroll v Motola, 109 AD3d 629, 630; Fisher v Giuca, 69 AD3d 671; Clark v Foley, 240 AD2d 458; cf. Katz v Beil, 142 AD3d 957).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court