Carlino v Shapiro (2020 NY Slip Op 01320)





Carlino v Shapiro


2020 NY Slip Op 01320


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-04371 
2017-13054
 (Index No. 514322/15)

[*1]Robert Carlino, et al., appellants,
v
Joan Shapiro, et al., defendants, 1515 Bedford Avenue Realty, LLC, respondent.


Law Office of Peter A. Hurwitz, PLLC, New City, NY, for appellants.
Cerussi & Spring, P.C., White Plains, NY (Kevin P. Westerman and Mary Rich of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated March 24, 2017, and (2) an order of the same court dated October 20, 2017. The order dated March 24, 2017, granted the motion of the defendant 1515 Bedford Avenue Realty, LLC, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The order dated October 20, 2017, insofar as appealed from, upon reargument, adhered to the original determination in the order dated March 24, 2017, and denied that branch of the plaintiffs' motion which was for leave to amend the amended complaint.
ORDERED that the appeal from the order dated March 24, 2017, is dismissed, as that order was superseded by the order dated October 20, 2017, made upon reargument; and it is further,
ORDERED that the order dated October 20, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant 1515 Bedford Avenue Realty, LLC.
The plaintiffs commenced this action seeking damages for injuries allegedly sustained by the injured plaintiff when a vehicle he was operating was struck by a dump truck exiting a construction site at 1515 Bedford Avenue in Brooklyn. The plaintiffs thereafter filed an amended complaint asserting causes of action alleging negligence against the owner of the construction site, the defendant 1515 Bedford Avenue Realty, LLC (hereinafter Bedford Avenue), and others. Bedford Avenue then moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action, and the Supreme Court, in an order dated March 24, 2017, granted the motion. Thereafter, the plaintiffs moved for leave to reargue their opposition to Bedford Avenue's motion and for leave to amend the amended complaint to assert a cause of action alleging public nuisance against Bedford Avenue. In an order dated October 20, [*2]2017, the court granted reargument, and, upon reargument, adhered to its original determination and denied that branch of the plaintiffs' motion which was for leave to amend the amended complaint.
"Permission to amend a pleading should be freely given' where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party" (Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1147, quoting CPLR 3025[b] [citations omitted]; see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "A motion to amend a complaint or other pleading to add a cause of action or theory of recovery that is time-barred under the applicable statute of limitations is patently devoid of merit'" (Schwartz v Walker, 171 AD3d 969, 970, quoting Wander v St. John's Univ., 163 AD3d 896, 897; see Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033). However, under the relation-back doctrine, a plaintiff may "interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Moezinia v Ashkenazi, 136 AD3d 990, 992; see CPLR 203[f]; Caffaro v Trayna, 35 NY2d 245, 250; Cady v Springbrook NY, Inc., 145 AD3d 846, 846; Pendleton v City of New York, 44 AD3d 733, 736). "A new legal theory of recovery may be asserted, so long as it arises from the same transactions alleged in the original complaint," but the doctrine is unavailable "where the original allegations did not provide the defendants notice of the need to defend against the allegations of the amended complaint" (Pendleton v City of New York, 44 AD3d at 736; see Cady v Springbrook NY, Inc., 145 AD3d at 847).
Here, the allegations of the amended complaint failed to give notice of transactions or occurrences to be proven and the need to defend against the allegations of the proposed second amended complaint, filed more than one year after the statute of limitations had expired. The amended complaint, which asserted a cause of action alleging negligence against Bedford Avenue, did not contain allegations that put Bedford Avenue on notice of a potential public nuisance cause of action. The amended complaint did not allege that Bedford Avenue, through the operation of the dump truck, offended public morals, interfered with the use by the public of a public place, or endangered or injured the property, health, safety, or comfort of a considerable number of persons, or that the injured plaintiff suffered special injury beyond that suffered by the community at large (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292; Copart Indus. v Consolidated Edison Co of N.Y., 41 NY2d 564, 568). The relation-back doctrine, therefore, does not apply and the cause of action alleging public nuisance is time-barred (see Cady v Springbrook NY, Inc., 145 AD3d at 847; Moezinia v Ashkenazi, 136 AD3d at 992; Calamari v Panos, 131 AD3d 1088, 1089-1090). Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was for leave to amend the amended complaint.
Since the plaintiffs, on appeal, do not contest Bedford Avenue's argument that it owed no duty of care to the injured plaintiff that would support the negligence cause of action asserted against it in the amended complaint, there is no basis for disturbing the Supreme Court's determination, upon reargument, to adhere to its prior determination granting Bedford Avenue's motion to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action (see MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d 1041, 1042; Malone v County of Suffolk, 128 AD3d 651, 653; see also Galindo v Town of Clarkstown, 2 NY3d 633, 636-637).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court