Badr v Blumberg (2020 NY Slip Op 04819)





Badr v Blumberg


2020 NY Slip Op 04819


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-05950
 (Index No. 35885/14)

[*1]Lydia Badr, appellant, 
v
Kenneth I. Blumberg, etc., respondent, et al., defendants.


Doyle & Broumand, LLP (Michael B. Doyle of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Ari L. Bauer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated April 12, 2018. The judgment, upon an order of the same court dated March 28, 2018, granting that branch of the motion of the defendant Kenneth I. Blumberg which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred, is in favor of that defendant and against the plaintiff dismissing the amended complaint insofar as asserted against him.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the motion of the defendant Kenneth I. Blumberg which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred is denied, the order dated March 28, 2018, is modified accordingly, the second decretal paragraph of the order dated March 28, 2018, denying, as academic, that branch of that defendant's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him is vacated, and the matter is remitted to the Supreme Court, Rockland County, for a new determination on the merits of that branch of the motion.
In this medical malpractice action, the plaintiff allegedly came under the care of the defendant Kenneth I. Blumberg on or about December 30, 2013. At that time, Blumberg allegedly misinterpreted an MRI of the plaintiff's brain, concluding that the plaintiff had leptomeningeal carcinomatosis disease. The plaintiff commenced this action against, among others, Blumberg in December 2014, and served an amended complaint in October 2016.
Following discovery, Blumberg moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred or, alternatively, for summary judgment dismissing the amended complaint insofar as asserted against him. In an order dated March 28, 2018, the Supreme Court granted that branch of Blumberg's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred, and denied the alternative branch of his motion as academic. The court subsequently entered judgment upon the order. The plaintiff appeals.
The Supreme Court should have denied that branch of Blumberg's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-[*2]barred. The original complaint was timely, and the cause of action alleging medical malpractice due to misdiagnosis of cancer, as asserted in the amended complaint, relates back to the same cause of action asserted in the original complaint (see CPLR 203[f]; 214-a; Pendleton v City of New York, 44 AD3d 733, 736).
As an alternative basis to affirm the judgment, Blumberg contends that the Supreme Court should have granted that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him. This Court has the authority, on appeal from a final judgment, to review any intermediate order which necessarily affects the judgment, "including any which was adverse to the respondent on appeal and which, if reversed, would entitle the respondent to prevail in whole or in part on that appeal" (CPLR 5501[a][1]; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546). However, under the circumstances of this case, we exercise our authority only to the extent of vacating the second decretal paragraph of the order dated March 28, 2018, which denied, as academic, that branch of Blumberg's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him, and remit the matter to the Supreme Court, Rockland County, for a new determination on the merits of that branch of Blumberg's motion.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court