Campbell v Bradco Supply Co. (2021 NY Slip Op 01744)





Campbell v Bradco Supply Co.


2021 NY Slip Op 01744


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01805
 (Index No. 11307/10)

[*1]Margaret Campbell, appellant, 
v
Bradco Supply Company, et al., respondents.


Joel J. Ziegler, PLLC, Smithtown, NY, for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Keri A. Joeckel and Jennifer J. Bock of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated October 25, 2016. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the ninth and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2009, the plaintiff entered into a contract to purchase kitchen cabinets from the defendant Bradco Supply Company (hereinafter Bradco) through its salesperson, the defendant Harris Boshak, who also designed the layout of the cabinets in the plaintiff's kitchen. The cabinets were delivered on February 13, 2009. According to the plaintiff, on February 14, 2009, she notified Boshak that she was dissatisfied with the cabinets, and thereafter continued to contact him and other representatives of Bradco regarding various problems with the cabinets. She asserts that "ultimately, the overall design and installation instructions provided by Mr. Boshak were faulty, insufficient, flawed and unusable." She alleged, inter alia, that some cabinet doors would not open completely, cabinet doors interfered with the use of appliances, and that essentially, the overall design was defective. The plaintiff alleges that after many conversations and meetings with Bradco representatives, between February 20, 2009, and April 8, 2009, the defendants failed to remedy the problems. By summons and complaint dated February 23, 2010, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, breach of implied warranties, and breach of the implied warranty of fitness and merchantability. Subsequent thereto, in March 2016, the Supreme Court granted the plaintiff's motion for leave to amend the complaint to add the ninth and tenth causes of action, to recover damages for breach of a settlement agreement and personal injuries, respectively. In their answer to the amended complaint, the defendants asserted, as an affirmative defense, that the ninth and tenth causes of action were barred by the statute of limitations. In September 2016, the defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the ninth and tenth causes of action. By order dated October 25, 2016, the court granted the defendants' motion. The plaintiff appeals. We affirm.
It is undisputed that the plaintiff's ninth and tenth causes of action, which were raised [*2]for the first time in the amended complaint, were time-barred (see CPLR 213[2]; 214[5]). "However, under the relation-back doctrine, a plaintiff may interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Carlino v Shapiro, 180 AD3d 989, 990 [internal quotation marks omitted]; see CPLR 203[f]). Contrary to the plaintiff's contention, the allegations in the original complaint gave no notice of the facts, transactions, and occurrences giving rise to the proposed supplemental claims raised in the ninth and tenth causes of action and, thus, the relation-back doctrine does not apply (see CPLR 203[f]; Carlino v Shapiro, 180 AD3d at 990-991; Sabella v Vaccarino, 263 AD2d 451, 452). Therefore, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss those causes of action (see Hustedt Chevrolet, Inc. v Jones, Little & Co., 129 AD3d 669).
In light of our determination, we need not address the plaintiff's remaining contention.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.

2018-01805 DECISION & ORDER ON MOTION
Margaret Campbell, appellant, v Bradco Supply
Company, et al., respondents.
(Index No. 11307/10)

Motion by the respondents, inter alia, to strike the appellant's brief and appendix, or, in the alternative, stated portions of the appellant's brief and appendix, on an appeal from an order of the Supreme Court, Suffolk County, dated October 25, 2016, on the ground that those portions of the appellant's brief and appendix refer to matter dehors the record, and for an award of costs. By decision and order on motion of this Court dated September 10, 2018, those branches of the motion which are to strike the appellant's brief and appendix, or, in the alternative, stated portions of the appellant's brief and appendix, and for an award of costs were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's brief and appendix on the ground that they refer to matter dehors the record is denied; and it is further,
ORDERED that the branch of the motion which is, in the alternative, to strike stated portions of the appellant's brief and appendix on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellant's brief and appendix are stricken and have not been considered in the determination of the appeal: (1) with respect to the appellant's brief (a) the third full paragraph on page 1; (b) the paragraph beginning on page 1 and continuing onto page 2, except for the last sentence; (c) the first full paragraph on page 2; (d) the first sentence of the third full paragraph on page 2; (e) the paragraph beginning on page 2 and continuing onto page 3, except for the first sentence; and (f) the second sentence of the first full paragraph on page 3; and (2) with respect to the appellant's appendix pages 97 through 125, and pages 187 through 188; and that branch of the motion is otherwise denied, and it is further;
ORDERED that the branch of the motion which is for an award of costs is denied.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court