■ C. ROE, Respondent, v DANIEL BARAD, Appellant. [699 NYS2d 484] —In an action to recover damages for battery and intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 23, 1998, which granted the plaintiff's motion for leave to amend her pleadings to assert additional causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On September 23, 1994, the defendant pleaded guilty to use of a child in a sexual performance (see, Penal Law § 263.05) in satisfaction of a 16-count indictment and was sentenced for that crime on January 18, 1995, to an indeterminate term of imprisonment of 4 to 12 years. Thereafter, the plaintiff, the complainant in the criminal proceeding, commenced this action pursuant to CPLR 3213 for summary judgment in lieu of complaint on the issue of liability, alleging causes of action sounding in battery and intentional infliction of emotional distress, based upon the defendant's conviction in the criminal action. The Supreme Court granted the motion in an order which was subsequently reversed by this Court (see, Roe v Barad, 230 AD2d 839). Discovery apparently was concluded and a note of issue was filed. The plaintiff then moved for leave to amend her pleading to include causes of action based on the remaining counts of the criminal indictment which had been dismissed upon the defendant's plea of guilty in the criminal proceeding. The Supreme Court, Rockland County, granted the motion, concluding that the inclusion of the indictment as an exhibit to the plaintiff's original motion pursuant to CPLR 3213 and the affidavits of her counsel in support of that motion, which referred to the defendant's prior conduct, put the defendant on notice that the plaintiff was seeking damages based on all of the allegations in the indictment. We disagree.

CPLR 203 (f) provides that: "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

The original papers on the plaintiff's motion pursuant to CPLR 3213, which were converted to a pleading only by operation of law, sought to impose liability upon the defendant based upon his plea of guilty to a single criminal transaction, i.e., the use of a child in a sexual performance under the ninth count of the indictment, a criminal transaction alleged to have occurred on March 15, 1991. Clearly, the motion for summary judgment in lieu of complaint alleged that the plaintiff was seeking damages based solely upon his actions under that count of the indictment.

The plaintiff contends that, pursuant to CPLR 3213, when this Court reversed the order granting her motion for summary judgment in lieu of complaint those motion papers were deemed to be a complaint. Therefore, since the indictment was an exhibit to the motion papers the defendant was put on notice that the plaintiff was seeking damages based on all transactions set out in the indictment. We reject the plaintiff's contention that because the original indictment was fortuitously included as an exhibit to her original motion papers, the defendant was given sufficient notice that the plaintiff was seeking damages based on all of the transactions set out in the indictment and therefore all her additional causes of action in the proposed amended complaint relate back to the original complaint under CPLR 203 (f). Such a result would expand the reach of both CPLR 203 (f) and 3014 beyond any rational scope. Accordingly, the plaintiff should not be allowed to assert additional causes of action which would otherwise be barred by the applicable Statute of Limitations (*see generally, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program*, 80 NY2d 219; *Caffaro v Trayna*, 35 NY2d 245; *see also*, 1 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 203.29-203.30).

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.