■ ROLAND PYFROM, Respondent, v TISHMAN CONSTRUCTION COMPANY OF NEW YORK et al., Appellants. (And a Third-Party Action.) [704 NYS2d 810] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about December 14, 1998, which granted plaintiff's motion to strike defendants' answer, directed defendants to comply with plaintiff's discovery demands and denied defendants' cross motion for a protective order, unanimously modified, on the law and the facts, to deny plaintiff's motion to strike defendants' answer and to reinstate said answer, and otherwise affirmed, without costs.

The motion court erred in granting plaintiff's motion to strike defendants' answer for discovery noncompliance because there was no evidence that defendants' failure to disclose was willful or contumacious (*see, New v Scores Entertainment*, 255 AD2d 108; *Berman v Szpilzinger*, 180 AD2d 612). The motion court, however, properly denied defendants' cross motion for a protective order because there was nothing unreasonable or improper about plaintiff's discovery demands (*see,* CPLR 3103 [a]). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.

■ DOMINICK INFURNA, as Administrator of the Estate of JOHN CIARLETTA, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [703 NYS2d 478] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 12, 1997, which denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.

Plaintiff's complaint alleges that his decedent died from injuries sustained when he fell out of his bed because of defendant nursing home's negligent maintenance or use of the bed's guard rails. Plaintiff's proposed amendment would allege that his decedent died from physical abuse inflicted by one or more of defendant's employees, and assert causes of action for assault and negligent hiring and retention. The proposed causes of action were properly rejected as time-barred and not saved by the relation back exception of CPLR 203 (f). Plaintiff's original allegations of negligence in the maintenance or use of bed guard rails did not give notice of the present allegations that defendant's employees attacked the decedent (*see, Clark v Foley*, 240 AD2d 458, *lv dismissed* 91 NY2d 921) and had a propensity for assaultive behavior of which defendant was aware (*see, Detone v Bullit Courier Serv.*, 140 AD2d 278, *lv denied* 73 NY2d 702). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.