■ EMERANTE CENEUS, Respondent, v BEECHMONT BUS SERVICE, Appellant. [708 NYS2d 884] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.),

entered July 12, 1999, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages based on negligent supervision.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

Contrary to the plaintiff's assertions, there was insufficient evidence in the record to raise an issue of fact regarding the adequacy of the defendant's screening process for the hiring of its bus drivers. Moreover, there was no evidence that a more thorough investigation by the defendant would have uncovered information that one of its drivers, who allegedly assaulted the plaintiff, had a propensity to commit sexual assault (*see, Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159; *Mataxas v North Shore Univ. Hosp.,* 211 AD2d 762; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401; *see also, Rodriguez v United Transp. Co.,* 246 AD2d 178; *compare, Graham v City of New York,* 266 AD2d 431; *Giangrasso v Association for Help of Retarded Children,* 243 AD2d 680; *Pratt v Ocean Med. Care,* 236 AD2d 380).

Additionally, the proposed new cause of action to recover damages for negligent supervision does not relate back to the time of the original complaint because the facts alleged in the original complaint failed to give notice of the facts necessary to support the amended pleading (*see, Infurna v City of New York,* 270 AD2d 24; *Roe v Barad,* 267 AD2d 221; *Clark v Foley,* 240 AD2d 458; *Rende v Cutrofello,* 226 AD2d 694). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.