STATE FARM INSURANCE COMPANY, as Subrogee of CHRISTOPHER KEITH, Respondent, v CENTRAL PARKING SYSTEMS, INC., Appellant. (And a Third-Party Action.) [796 NYS2d 665]—

In a negligence action, inter alia, to recover damages for economic loss, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated January 20, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing causes of action alleging vicarious liability under the doctrine of respondeat superior, negligent hiring, and negligent supervision, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]). Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, as long as the tortious conduct is generally foreseeable and a natural incident of the employment (see Riviello v Waldron, 47 NY2d 297 [1979]). If, however, an employee "for purposes of his own departs from the line of his

duty so that for the time being his acts constitute an abandonment of his service, the master is not liable" (*Jones v Weigand*, 134 App Div 644, 645 [1909]). The defendant established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's claim under the theory of respondeat superior by producing evidence that the theft of the subject car, owned by the plaintiff's subrogor, by one of the defendant's employees, was outside the scope of that employee's duties as a car attendant (*see Cherry v Tucker*, 5 AD3d 422 [2004]; *cf. O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431 [1981]). In opposition, the plaintiff failed to raise a triable issue of fact in this regard (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendant also submitted sufficient evidence on its motion establishing its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's causes of action alleging negligent hiring and negligent supervision. In instances where an employer cannot be held vicariously liable for an employee's torts, the employer can still be held liable under theories of negligent hiring and negligent supervision (*see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159 [1997], *cert denied* 522 US 967 [1997]). However, a necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury (*see Well v Rambam*, 300 AD2d 580 [2002]; *Kenneth R. v Roman Catholic Diocese of Brooklyn, supra*). The defendant proffered sufficient evidence that it neither knew nor should have known of this employee's propensity to steal (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The plaintiff failed to raise a triable issue of fact in this regard as well (*see Zuckerman v City of New York, supra*). Therefore, the Supreme Court should have dismissed these causes of action.

The Supreme Court properly determined that the defendant was not entitled to dismissal of the cause of action alleging breach of a bailment contract. The existence of a bailment concerning the subject car was not disputed by the parties. The defendant failed to show that it was not negligent, or, if negligent, that loss was not attributable to said negligence (*see Castorina v Rosen*, 290 NY 445 [1943]; *Claflin v Meyer*, 75 NY 260 [1878]; *Jay Howard, Inc. v Rothschild*, 16 AD2d 628 [1962]; *Galowitz v Magner*, 208 App Div 6 [1924]).

The defendant's remaining contentions are without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.