■ SECKIN YILDIZ, Respondent, v PJ FOOD SERVICE, INC., et al., Defendants, and TRI-CITY MANPOWER, INC., et al., Appellants. [918 NYS2d 572]—

The plaintiff alleged that, in 2005, he was assaulted at his place of business by the defendant Milford Penn, as Penn was making a delivery on behalf of the defendant Worldwide Dedicated Services, Inc. (hereinafter Worldwide). Penn was employed by the defendant Tri-City Manpower, Inc. (hereinafter Tri-City), a staffing company that placed individuals into temporary employment positions. Worldwide, which had intended to permanently hire Penn as a deliveryman, had requested Tri-City to temporarily employ Penn while it completed its processing of Penn's application for permanent employment. The complaint asserted that Worldwide and Tri-City were liable to the plaintiff, based on the theories of respondeat superior and negligent hiring and supervision. Worldwide and Tri-City contend that, as a matter of law, they cannot be held liable for Penn's conduct based on either of the asserted grounds. We agree.

Worldwide and Tri-City satisfied their prima facie burden of

demonstrating their entitlement to judgment as a matter of law, and the burden then shifted to the plaintiff, who failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

An employer is vicariously liable for its employees' torts, even where the offending employee's conduct was intentional, if the acts were committed while the employee was acting within the scope of his or her employment (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]; *Oliva v City of New York*, 297 AD2d 789 [2002]). However, the employer bears no vicarious liability where the employee committed the tort for personal motives unrelated to the furtherance of the employer's business (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600). Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer (*id.*). In the instant case, Penn's alleged conduct was, as a matter of law, not within the scope of his employment, nor was it reasonably foreseeable by either Worldwide or Tri-City (*id.*).

Similarly, as a matter of law, Worldwide and Tri-City were not liable for Penn's alleged conduct under theories of negligent hiring or negligent supervision. In this regard, the plaintiff presented no evidence of a required element of such causes of action, i.e., that the employer knew or should have known of the employee's propensity for the conduct resulting in the injury (*see Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801-802 [2010]; *Ceneus v Beechmont Bus Serv.*, 272 AD2d 499, 500 [2000]; *Oliva v City of New York*, 297 AD2d at 791; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]). Moreover, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d at 163). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.