■ GUI YING SHI, Respondent, v McDONALD'S CORPORATION et al., Defendants, and 5121 5TH AVENUE, LLC, Appellant. [972 NYS2d 307]—

In an action to recover damages for personal injuries, the defendant 5121 5th Avenue, LLC, appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 6, 2012, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the seventh and eighth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the seventh and eighth causes of action is denied.

The defendant Marisol Acosta, an employee of a McDonald's restaurant owned by the defendant franchisee 5121 5th Avenue,

LLC (hereinafter 5121), allegedly assaulted the plaintiff, a customer at the restaurant. The alleged assault occurred after Acosta and the plaintiff had a heated exchange over whether the plaintiff had ordered a cheeseburger rather than a hamburger for her son. The general manager of 5121 was in his office when the dispute began near the counter. Upon being informed that a problem had arisen and before the alleged assault occurred, the manager went to the counter to try to address the problem.

The plaintiff commenced this action to recover damages for her personal injuries against, among others, 5121, alleging that 5121 was vicariously liable for Acosta's tortious conduct and that it negligently hired and supervised Acosta (seventh and eighth causes of action). The Supreme Court granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the seventh and eighth causes of action.

"Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment" (*Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012]; *Fenster v Ellis*, 71 AD3d 1079, 1080 [2010]; *Quadrozzi v Norcem, Inc.*, 125 AD2d 559, 561 [1986]). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment" (*Davis v Larhette*, 39 AD3d 693, 694 [2007]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]; *Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034 [2007]). An employer, however, cannot be held vicariously liable for its employee's alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business at the time of the incident (*see Pinto v Tenenbaum*, 105 AD3d at 931; *Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 803 [2011]; *Yildiz v PJ Food Serv., Inc.*, 82 AD3d 971, 972 [2011]; *Fernandez v Rustic Inn, Inc.*, 60 AD3d at 896). "Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer" (*Yildiz v PJ Food Serv., Inc.*, 82 AD3d at 972; *see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]; *Oliva v City of New York*, 297 AD2d 789, 791 [2002]). Whether an employee was acting within the scope of his or her employment is generally a question of fact for the jury (*see*

*Riviello v Waldron*, 47 NY2d at 303; *Piquette v City of New York*, 4 AD3d 402, 403 [2004]).

Here, the plaintiff failed to establish, prima facie, that Acosta was acting within the scope of her employment with 5121 when she allegedly assaulted the plaintiff (*see Evans v City of Mount Vernon*, 92 AD3d 829 [2012]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]; *State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859 [2005]), and that Acosta's alleged conduct was reasonably foreseeable by 5121 (*see Yildiz v PJ Food Serv., Inc.*, 82 AD3d at 972; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600).

Further, the plaintiff did not establish, prima facie, that 5121 was negligent in hiring or supervising Acosta. The plaintiff failed to submit evidence sufficient to show that 5121 knew or should have known of Acosta's alleged propensity for the conduct which resulted in the plaintiff's alleged injury (*see Evans v City of Mount Vernon*, 92 AD3d at 830; *Yildiz v PJ Food Serv., Inc.*, 82 AD3d at 972; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600; *State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d at 860).

In light of our determination, we need not consider the sufficiency of 5121's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the seventh and eighth causes of action. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.