Lang-Salgado v Mount Sinai Med. Ctr., Inc. (2018 NY Slip Op 00248)





Lang-Salgado v Mount Sinai Med. Ctr., Inc.


2018 NY Slip Op 00248


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


156497/15 5330 5329

[*1]Terry Lang-Salgado, Plaintiff-Appellant,
v
The Mount Sinai Medical Center, Inc., Defendant-Respondent.


Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellant.
Kennedys CMK, New York (Frank J. Wenick of counsel), for respondent.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered June 14, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered April 12, 2016, which granted defendant's motion to dismiss the complaint, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs. Appeal from order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to recover damages for injuries she allegedly sustained on July 5, 2012, as a result of her fall from a hospital stretcher while she was being positioned by an X-ray technician for a chest Xray. As described by plaintiff in her affidavit, the technician's conduct in placing plaintiff's body in a certain position, so as to obtain accurate imaging in an Xray directed by a physician at defendant hospital, bore a "substantial relationship to the rendition of medical treatment by a licensed physician" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 788 [1996]; Chaff v Parkway Hosp., 205 AD2d 571 [2d Dept 1994], lv dismissed in part, denied in part 84 NY2d 966 [1994]; see also Lewis-Burnett v West Side Radiology Assoc., 106 AD3d 637 [1st Dept 2013]). Accordingly, plaintiff's complaint sounds in medical malpractice and was correctly dismissed as untimely (see CPLR 214-a). The cases relied on by plaintiff are inapposite since the accidents therein did not occur in the course of rendering medical treatment, but involved simple common sense and judgment (see Friedmann v New York Hosp.-Cornell Med. Ctr., 65 AD3d 850 [1st Dept 2009]; Reardon v Presbyterian Hosp. in City of N.Y., 292 AD2d 235 [1st Dept 2002]).
The court providently exercised its discretion in denying plaintiff's cross motion to amend the complaint to assert claims
that defendant's "negligent hiring," "disregard of rules on the use of stretchers/hospital beds in the X-Ray room," and failure to "promulgate rules and regulations for the use of stretchers/hospital beds in the X-Ray room" caused her injuries.
The proposed claim of failing to follow protocol, stated "[u]pon information and belief," implicates questions of medical competence or judgment linked to the treatment of plaintiff and sounds in medical malpractice. Hence, it is time-barred for the same reasons for which the original complaint was dismissed (see Hazel v Montefiore Med. Ctr., 243 AD2d 344, 345 [1st Dept 1997] [claims that are "merely reformulations" of malpractice claims were properly dismissed as time-barred where malpractice claim was time- barred]; Glasgow v Chou, 33 AD3d 959, 961 [2d Dept 2006]).
The proposed claims for negligent hiring and the failure to promulgate rules and regulations, also stated "[u]pon information and belief," are time-barred unless the relation back doctrine, codified in CPLR 203(f), applies. CPLR 203(f) provides, "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, [*2]occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (see also Giambrone v Kings Harbor Multicare Ctr., 104 AD3d 546, 548 [1st Dept 2013]).
The original complaint asserts one cause of action that arose from plaintiff's Xray on July 5, 2012. The proposed negligent hiring and failure to promulgate regulations claims arise from different facts and implicate different duties based on conduct preceding, and separate and different from, the alleged negligence of the Xray technician on that date. Thus, the relation back doctrine is inapplicable because the facts alleged in the original complaint failed to give notice of the facts necessary to support the amended pleading (see Cady v Springbrook NY, Inc., 145 AD3d 846 [2d Dept 2016]; Calamari v Panos, 131 AD3d 1088 [2d Dept 2015]) Infurna v City of New York, 270 AD2d 24 [1st Dept 2000]; Ceneus v Beechmont Bus Serv., 272 AD2d 499 [2d Dept 2000]). "The mere reference to 'negligence' in the original complaint did not give [defendant] notice of the transactions, occurrences, or series of transactions or occurrences, to be proved with respect to the proposed causes of action alleging negligent hiring and negligent supervision" (Calamari, 131 AD3d at 1089).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK