Barton v City of New York (2020 NY Slip Op 05880)





Barton v City of New York


2020 NY Slip Op 05880


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-05227
 (Index No. 12404/98)

[*1]Joseph Barton, respondent, 
v
City of New York, et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Kathy Chang Park of counsel), for appellants.
Robert J. Berkowitz & Associates, P.C., New York, NY (Andrew D. Weitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 29, 2017. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging negligent training, negligent hiring, and negligent retention.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York and New York City Police Department which were for summary judgment dismissing the causes of action alleging negligent training, negligent hiring, and negligent retention are granted.
The defendant Walter Rossler was a detective employed by the defendants New York City Police Department (hereinafter NYPD) and the City of New York (hereinafter together the appellants). One night, Rossler was showing his NYPD-issued handgun to the plaintiff and another acquaintance at the Second Street Café, a pub allegedly operated by the defendant Larman Enterprises, Inc. The plaintiff struck Rossler's hand, causing the gun to accidentally discharge. The plaintiff was shot in the face and sustained serious injuries.
The plaintiff commenced this action on April 13, 1998. The complaint included causes of action alleging negligence against Rossler, negligence against Larman Enterprises, Inc., and negligent training, negligent hiring, negligent retention, and respondeat superior/vicarious liability against the appellants. In 2006, after issue was joined by the appellants and Rossler, the appellants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and dismissing the cross claim asserted against them by Rossler. The Supreme Court granted the appellants' motion to the extent of directing dismissal of the cause of action alleging respondeat superior/vicarious liability, but denied the motion with respect to the causes of action alleging negligent training, hiring, and retention (see Barton v City of New York, 15 Misc 3d 504, 514 [Sup Ct, Kings County]). Subsequently, the court granted the plaintiff's motion, inter alia, for summary judgment on the issue of Rossler's liability.
On or about August 29, 2016, approximately 9½ years after the Supreme Court denied their motion for summary judgment with respect to the causes of action alleging negligent training, hiring, and retention, the appellants again moved, inter alia, for summary judgment dismissing those causes of action. In an order dated March 29, 2017, the court denied the motion. This appeal ensued.
Contrary to the plaintiff's contention, the Supreme Court properly entertained the appellants' second motion for summary judgment. "Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d 747, 748). As explained below, the appellants' motion was substantively valid. Furthermore, even though the proffered new evidence, Rossler's personnel file, was available to the appellants from the outset (see Abramoff v Federal Ins. Co., 48 AD2d 676, 676), the appellants' motion "further[s] the ends of justice and eliminate[s] an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d at 748), as this case has been pending for more than 22 years.
The third, fourth, and fifth causes of action asserted in the complaint allege that the appellants are liable for negligent training, negligent hiring, and negligent retention, respectively, of Rossler. "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635; DeJesus v DeJesus, 132 AD3d 721, 722). Here, the evidentiary material submitted by the appellants demonstrated, prima facie, that they did not have notice of any propensity of Rossler to negligently handle his firearm (see Evans v City of Mount Vernon, 92 AD3d 829, 830; Pinkney v City of New York, 52 AD3d 242, 242-243; see also Everett v Eastchester Police Dept., 127 AD3d 1131, 1132). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellants knew or should have known that Rossler had a propensity for handling his service weapon in a negligent manner (see State Farm Ins. Co. v Central Parking Sys., Inc., 18 AD3d 859, 860). Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were for summary judgment dismissing the causes of action alleging negligent training, negligent hiring, and negligent retention.
The plaintiff's remaining contention is without merit. In light of our determination, the appellants' remaining contentions are academic.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court