Howell v City of New York (2021 NY Slip Op 00840)





Howell v City of New York


2021 NY Slip Op 00840


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-08688
 (Index No. 23830/09)

[*1]Dora Howell, respondent, 
v
City of New York, et al., appellants, et al., defendant.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Ellen Ravitch of counsel), for appellants.
Rawlins Law, PLLC, White Plains, NY (Gary N. Rawlins of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants City of New York, P.O. Mosely-Lawrence, and P.O. Meran appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 27, 2018. The order, in effect, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, and denied, as premature, that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, that branch of the motion of the defendants City of New York, P.O. Mosely-Lawrence, and P.O. Meran which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them is denied as academic.
In November 2008, the plaintiff was thrown out of a third-story window by Andre Gaskin, who was her former boyfriend and the father of her child. At the time of the incident, the plaintiff had an order of protection against Gaskin. Although the plaintiff and Gaskin were no longer in a relationship, they continued to reside in the same apartment building. The plaintiff lived on the second floor, and Gaskin lived on the third floor.
In the days leading up to the incident, the defendant police officers Mosely-Lawrence and Meran (hereinafter together the officers) responded to several calls placed by the plaintiff in which the plaintiff stated that Gaskin was violating the order of protection.
On the first occasion, the officers assured the plaintiff that Gaskin would "be removed from the premises," that he "won't be returning," and that he would be staying with his uncle. The officers then waited outside the apartment building with Gaskin for the uncle to pick him up and the plaintiff saw Gaskin leave in the uncle's car.
On the second occasion, the plaintiff returned home to find Gaskin inside her apartment. She immediately called the police, and the officers again told the plaintiff they would [*2]"remove him from the premises," and that "he would not be coming back." The plaintiff saw the officers walk outside the building with Gaskin and saw Gaskin walk away, rounding the corner.
On the third occasion, Gaskin was back at the plaintiff's apartment, banging on her door with a pipe and breaking off one of the locks. The plaintiff again called the police, and Gaskin told the officers he had come back to pick up clothes. The officers asked the plaintiff why she did not move or stay somewhere else if this kept happening and threatened to arrest her if she called them again. The officers ordered Gaskin to go to his apartment upstairs and not come to the second floor, and assured the plaintiff that Gaskin would be leaving and that she would "be okay." That night, the plaintiff heard Gaskin stomping around and banging on the floor of his apartment, which was directly above the plaintiff's apartment.
At no time prior to the incident was Gaskin arrested. Also, at no time prior to the incident did the officers tell the plaintiff that they were going to arrest Gaskin.
On the date of the incident, Gaskin repeatedly called the plaintiff's phone. The plaintiff ignored most of his calls but eventually picked up and told him that she was at a friend's house nearby. Gaskin showed up at the friend's house and walked with the plaintiff back to their apartment building. Once inside, Gaskin dragged the plaintiff upstairs to his apartment and threw her out the third-story window.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries against, among others, the City of New York and the officers (hereinafter collectively the defendants). The plaintiff alleged that the officers negligently failed to protect her, and asserted a cause of action against the City alleging negligent hiring, retention, training, and supervision. After issue was joined but prior to the completion of discovery, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them. In opposition, the plaintiff contended that the motion was premature because the defendants had failed to produce the officers for depositions. By order dated April 27, 2018, the Supreme Court, in effect, denied that branch of the motion which was pursuant to CPLR 3211(a)(7) and denied, as premature, that branch of the motion which was for summary judgment. The defendants appeal.
Generally, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection" (Etienne v New York City Police Dept., 37 AD3d 647, 649). "When a cause of action alleging negligence is asserted against a municipality, and the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person" (Axt v Hyde Park Police Dept., 162 AD3d 728, 730; see Valdez v City of New York, 18 NY3d 69, 75). Such a special duty can arise, as relevant here, where the plaintiff belongs to a class for whose benefit a statute was enacted, or where the municipality voluntarily assumes a duty to the plaintiff beyond what is owed to the public generally (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426). A municipality will be held to have voluntarily assumed a duty or special relationship with a party where there is: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by establishing that no special relationship existed between them and the plaintiff (see id. at 261). Specifically, the defendants established, prima facie, that the officers made no promise to arrest Gaskin, and the plaintiff could not justifiably rely on vague assurances by the officers that she would "be okay" and that Gaskin would not be returning to the building where both he and the plaintiff lived (see Axt v Hyde Park Police Dept., 162 AD3d at 730).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact, demonstrate how additional discovery may lead to relevant evidence, or establish that facts essential to opposing the motion were exclusively within the defendants' knowledge or control (see CPLR 3212[f]; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034). The plaintiff's alternate contention that the defendants violated a statutory duty owed to her is without merit (see Bawa v City of New York, 94 AD3d 926, 927).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court