Aurora Loan Servs., LLC v Yogev (2021 NY Slip Op 03298)





Aurora Loan Servs., LLC v Yogev


2021 NY Slip Op 03298


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14215
 (Index No. 32051/10)

[*1]Aurora Loan Services, LLC, plaintiff, 
v
Michal Yogev, appellant, et al., defendants; Nationstar Mortgage, LLC, etc., et al., nonparty-respondents.


Naidich Wurman LLP, Great Neck, NY (Robert P. Johnson of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for nonparty-respondent Nationstar Mortgage, LLC.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michal Yogev appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated September 5, 2018. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Michal Yogev, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed, with costs.
In March 2007, the defendant Michal Yogev (hereinafter the defendant) executed a note in the principal sum of $380,000 in favor of Wall Street Mortgage Bankers, Ltd., doing business as Power Express (hereinafter Wall Street Mortgage). The note was secured by a mortgage on certain real property located in Queens.
In December 2010, the plaintiff, Wall Street Mortgage's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. In 2012, the mortgage was assigned to nonparty Nationstar Mortgage, LLC (hereinafter Nationstar).
By notice of motion dated January 15, 2015, Nationstar, as assignee of the plaintiff, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In a decision dated April 27, 2015, the Supreme Court granted Nationstar's motion. That decision concluded with the phrase "[s]ettle order." Nationstar failed to timely settle that order (see 22 NYCRR 202.48; Aurora Loan Services, LLC v Yogev, __ AD3d __ [Appellate Division Docket No. 2018-08626; decided herewith]).
By notice of motion dated December 11, 2017, a second motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference was made (hereinafter the second motion). In an order dated September 5, 2018, the Supreme Court granted the second motion. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly entertained the second motion, inter alia, for summary judgment. "Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d 747, 748; see Barton v City of New York, 187 AD3d 976, 977). Under the particular circumstances of this case, the second motion "further[s] the ends of justice and eliminate[s] an unnecessary burden on the resources of the courts" (id. at 748).
The defendant's remaining contentions are either improperly raised for the first time on appeal (see Wells Fargo Bank, N.A., v Grosz, 173 AD3d 1247, 1249; U.S. Bank N.A. v Carey, 137 AD3d 894, 896), or without merit.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court