Maldonado v Allum (2022 NY Slip Op 04798)

Maldonado v Allum

2022 NY Slip Op 04798

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-08623
 (Index No. 512116/17)

[*1]Benjamin Maldonado, respondent, 
v
Kevin R. Allum, defendant, Domino's Pizza, LLC, appellant.

Kendric Law Group, P.C., Garden City, NY (Christopher Kendric of counsel), for appellant.
Decolator Cohen & DiPrisco, LLP, Garden City, NY (Dominic DiPrisco and Carolyn Canzoneri of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Domino's Pizza, LLC, appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 27, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Domino's Pizza, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted.
On June 9, 2016, the defendant Kevin R. Allum was employed by the defendant Domino's Pizza, LLC (hereinafter DP), and was delivering pizza in Brooklyn. At about 1:00 a.m., New York City Police Department Officer Benjamin Maldonado pulled over Allum's vehicle and cited him for a defective headlight. During the course of the traffic stop, Allum allegedly kicked his feet, flailed his arms, and resisted arrest. Maldonado forcibly removed Allum from the vehicle and both Maldonado and Allum fell to the ground.
Maldonado thereafter commenced this action to recover damages for personal injuries against Allum and DP. DP subsequently moved for summary judgment dismissing the complaint insofar as asserted against it, contending that Allum was acting outside the scope of his employment at the time of the incident, and that it did not know, or have reason to know, that Allum would engage in a struggle with a law enforcement officer. Maldonado opposed the motion, contending that there were issues of fact regarding whether Allum was acting outside the scope of his employment at the time of the incident. By order dated June 27, 2019, the Supreme Court denied the motion. DP appeals.
"'The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment'" (Meehan v County of Suffolk, 144 AD3d 640, 641, quoting Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Camisa v Rosen, 150 AD3d 809, 810). "'An employee's actions fall within the scope of employment where [*2]the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business'" (Scott v Lopez, 136 AD3d 885, 886, quoting Beauchamp v City of New York, 3 AD3d 465, 466; see Camisa v Rosen, 150 AD3d at 810). "An action may also be considered to be within the scope of employment when it 'is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment'" (Scott v Lopez, 136 AD3d at 886, quoting Pinto v Tenenbaum, 105 AD3d 930, 931; see Camisa v Rosen, 150 AD3d at 810). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (Beauchamp v City of New York, 3 AD3d at 466; see Ciccone v City of New York, 138 AD3d 910, 910). "[I]n cases involving a use of force, whether an employee is acting within the scope of employment requires consideration of whether the employee was authorized to use force to effectuate the goals and duties of the employment" (Rivera v State of New York, 34 NY3d 383, 390).
Here, DP established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging vicarious liability by demonstrating that Allum's allegedly tortious conduct was not within the scope of his employment. Specifically, DP demonstrated that the violent conduct displayed by Allum during the course of receiving a ticket for a defective headlight was not reasonably foreseeable or incidental to the furtherance of DP's business interests and that Allum was not authorized to use force to effectuate the goals and duties of his employment (see Rivera v State of New York, 34 NY3d at 390; Ciccone v City of New York, 138 AD3d at 911; Yildiz v PJ Food Serv., Inc., 82 AD3d 971, 971-972; Danko v Forest Lake Camp, Inc., 63 AD3d 1099, 1099-1100). In opposition, Maldonado failed to raise a triable issue of fact as to whether Allum was acting within the scope of his employment when he kicked his feet, flailed his arms, and resisted arrest (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
Similarly, DP demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for negligent hiring and negligent supervision. In this regard, DP demonstrated that it did not have knowledge, or notice, of Allum's propensity for the violent conduct that resulted in Maldonado's injury (see KM v Fencers Club, Inc., 164 AD3d 891, 892; Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563, 566; Yildiz v PJ Food Serv., Inc., 82 AD3d at 972). Moreover, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Yildiz v PJ Food Serv., Inc., 82 AD3d at 972 [internal quotation marks omitted]). In opposition, Maldonado failed to raise a triable issue of fact.
Finally, DP demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to General Municipal Law § 205-e, since DP demonstrated that it was not vicariously liable for Allum's allegedly criminal conduct (cf. Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1011). In opposition, Maldonado failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted DP's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court