Guarino v ProHEALTH Care Assoc., LLP (2023 NY Slip Op 04112)

Guarino v ProHEALTH Care Assoc., LLP

2023 NY Slip Op 04112

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-01819
 (Index No. 612206/19)

[*1]Marianne Guarino, respondent,
v
ProHEALTH Care Associates, LLP, appellant, et al., defendant.

Seyfarth Shaw, LLP, New York, NY (Cameron Smith, John DiNapoli, and Brian S. Bienenfeld of counsel), for appellant.
Bergstein & Ullrich, New Paltz, NY (Stephen Bergstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, training, supervision, and retention, the defendant ProHEALTH Care Associates, LLP, appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated January 29, 2021. The order, insofar as appealed from, denied the converted motion of the defendant ProHEALTH Care Associates, LLP, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the converted motion of the defendant ProHEALTH Care Associates, LLP, for summary judgment dismissing the amended complaint insofar as asserted against it is granted.
The defendant Dwight C. De Risi was a physician and partner in the defendant ProHEALTH Care Associates, LLP (hereinafter ProHEALTH). The plaintiff was a patient. The plaintiff alleged that De Risi subjected her to unwanted touching when she was undergoing a procedure. The plaintiff filed an amended complaint in this action asserting causes of action alleging a violation of Executive Law § 296 and, as against ProHEALTH only, negligent hiring, training, supervision, and retention. ProHEALTH moved pursuant to CPLR 3211 to dismiss the amended complaint insofar as asserted against it. The Supreme Court converted the motion into one for summary judgment and ProHEALTH submitted additional papers. In an order dated January 29, 2021, the court, inter alia, denied ProHEALTH's converted motion for summary judgment dismissing the amended complaint insofar as asserted against it. ProHEALTH appeals.
The Supreme Court erred in denying that branch of ProHEALTH's motion which was for summary judgment dismissing the cause of action alleging negligent hiring, training, supervision, and retention. "'[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (Barton v City of New York, 187 AD3d 976, 977, quoting Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635). Here, the submissions of ProHEALTH demonstrated, prima facie, that it did not have notice of any propensity of De Risi to commit misconduct (see Barton v City of New York, 187 AD3d at 977; Evans v City of Mount Vernon, 92 AD3d 829, 830). In opposition, the plaintiff failed to raise a triable issue of [*2]fact as to whether ProHEALTH knew or should have known that De Risi had a propensity for misconduct (see State Farm Ins. Co. v Central Parking Sys., Inc., 18 AD3d 859, 860).
Further, the Supreme Court should have granted that branch of ProHEALTH's converted motion which was for summary judgment dismissing the cause of action alleging a violation of the Executive Law insofar as asserted against it. The plaintiff alleged that she sustained injuries as a result of a violation of the New York State Human Rights Law (codified in Executive Law § 296). As relevant here, Executive Law § 296(2)(a) makes it impermissible for any person associated with a place of public accommodation to withhold or deny "any of the accommodations, advantages, facilities or privileges" provided by that accommodation based upon "sexual orientation" or "sex." ProHEALTH met its prima facie burden on the motion by showing that the plaintiff was not deprived of any accommodation. In opposition to ProHEALTH's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, ProHEALTH's converted motion for summary judgment was not premature. The plaintiff failed to demonstrate how additional discovery may lead to relevant evidence, or establish that facts essential to opposing the motion were exclusively within ProHEALTH's knowledge or control (see CPLR 3212[f]; Howell v City of New York, 191 AD3d 771, affd 39 NY3d 1006; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034).
Accordingly, the Supreme Court should have granted ProHEALTH's converted motion for summary judgment dismissing the amended complaint insofar as asserted against it.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court