Hashimi v Gap, Inc. (2024 NY Slip Op 05961)

Hashimi v Gap, Inc.

2024 NY Slip Op 05961

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-07265
 (Index No. 718697/19)

[*1]Mariam Hashimi, respondent, 
v
Gap, Inc., et al., appellants, et al., defendant.

McAndrew, Conboy & Prisco, LLP, Melville, NY (Peter G. Prisco and Law Office of Michael James Prisco PLLC of counsel), for appellants.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendants Gap, Inc., and Old Navy, Inc., appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 1, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging negligent hiring, training, supervision, and retention insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Gap, Inc., and Old Navy, Inc., which were for summary judgment dismissing the causes of action alleging negligent hiring, training, supervision, and retention insofar as asserted against them are granted.
In December 2018, the plaintiff was using a fitting room inside an Old Navy store. While the plaintiff was trying on clothing in a fitting room stall, she noticed that an employee of the store, the defendant Jordy Medel, who was assigned to work in the store's fitting room area, was using his personal cell phone in an attempt to record her changing. At the time of the incident, the store at issue was owned and operated by the defendants Gap, Inc. (hereinafter Gap), and Old Navy, Inc. (hereinafter Old Navy, and together with Gap, the store defendants).
The plaintiff commenced this action, inter alia, to recover damages for negligence against the store defendants and Medel. In March 2023, the store defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order entered August 1, 2023, the Supreme Court, among other things, denied those branches of the store defendants' motion which were for summary judgment dismissing the causes of action alleging negligent hiring, training, supervision, and retention insofar as asserted against them. The store defendants appeal.
The Supreme Court erred in denying those branches of the store defendants' motion which were for summary judgment dismissing the causes of action alleging negligent hiring, training, supervision, and retention insofar as asserted against them. "'[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (Barton v City of New York, 187 AD3d 976, 978, quoting Kenneth [*2]R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see Guarino v ProHEALTH Care Assoc., LLP, 219 AD3d 467, 468; Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635). Here, the submissions of the store defendants in support of their motion demonstrated, prima facie, that they did not have notice of any propensity of Medel to commit misconduct (see Guarino v ProHEALTH Care Assoc., LLP, 219 AD3d at 468; Maldonado v Allum, 208 AD3d 470, 472; Barton v City of New York, 187 AD3d at 978; Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether Gap or Old Navy knew or should have known that Medel had a propensity to commit misconduct (see Guarino v ProHEALTH Care Assocs., LLP, 219 AD3d at 468). The plaintiff's contention, via the affidavit of her expert, that neither Gap nor Old Navy appeared to have conducted a background check prior to hiring Medel, as was their apparent internal policy before hiring any employees, is without merit. "There is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 163; see Maldonado v Allum, 208 AD3d at 472; KM v Fencers Club, Inc., 164 AD3d 891, 893). Moreover, the plaintiff failed to submit any evidence that a background check of Medel would have revealed a propensity to commit misconduct (see KM v Fencers Club, Inc., 164 AD3d at 893).
Accordingly, the Supreme Court should have granted those branches of the store defendants' motion which were for summary judgment dismissing the causes of action alleging negligent hiring, training, supervision, and retention insofar as asserted against them.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court