Tyrell v Walmart, Inc. (2025 NY Slip Op 02368)

Tyrell v Walmart, Inc.

2025 NY Slip Op 02368

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-08365
 (Index No. 54363/21)

[*1]Romell Tyrell, appellant, 
v
Walmart, Inc., et al., respondents.

Mark J. Fox, New York, NY, for appellant.
O'Connor, O'Connor, Bresee & First, P.C., Albany, NY (Michael P. Cavanagh of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 11, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Walmart, Inc., which were for summary judgment dismissing the first and third causes of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for assault and battery, alleging that he sustained injuries during an altercation at a store owned by the defendant Walmart, Inc. (hereinafter Walmart). The complaint alleged that Walmart should be held vicariously liable for the actions of its employee, the defendant Lenard Copelin. In an order dated August 11, 2023, the Supreme Court, among other things, granted those branches of Walmart's motion which were for summary judgment dismissing the first cause of action, alleging assault and battery, and the third cause of action, alleging false imprisonment, insofar as asserted against it. The plaintiff appeals.
Under the common-law doctrine of respondeat superior, an employer "may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment" (Rivera v State of New York, 34 NY3d 383, 389; see Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 647). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Maldonado v Allum, 208 AD3d 470, 471 [internal quotation marks omitted]; see Rodriguez v Judge, 132 AD3d 966, 967). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see Riviello v Waldron, 47 NY2d 297, 304). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (Beauchamp v City of New York, 3 AD3d 465, 466; see Maldonado v Allum, 208 AD3d at 471).
Here, Walmart established its prima facie entitlement to summary judgment dismissing the first and third causes of action insofar as asserted against it by demonstrating that Copelin's allegedly tortious conduct was not within the scope of his employment (see Rivera v State of New York, 34 NY3d at 389; Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 647). Moreover, Walmart established that Copelin's actions were taken for wholly personal reasons and were not taken in furtherance of Walmart's business interests (see Lea v McNulty, 227 AD3d 971, 975; Saint Robert v BHAP Hous. Dev. Fund Co., 124 AD3d 752, 753). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of Walmart's motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against it.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court