Coughlin v Mouzone (2026 NY Slip Op 01031)

Coughlin v Mouzone

2026 NY Slip Op 01031

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-07905
 (Index No. 153360/18)

[*1]Michael 
 Coughlin, et al., appellants,
vZahtae Mouzone, et al., defendants, Amazon.com, Inc., respondent.

Scamardella, Gervasi & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), for appellants.
Eric D. Feldman, New York, NY (Evy L. Kazansky of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 4, 2021. The order, insofar as appealed from, granted the motion of the defendant Amazon.com, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced separate actions, which were subsequently consolidated, against the defendants, inter alia, to recover damages for personal injuries the plaintiffs alleged they sustained when they were assaulted by the defendant Zahtae Mouzone in front of their home. The plaintiffs alleged that the defendant Amazon.com, Inc. (hereinafter Amazon), had contracted with the defendant Same Day Delivery, Inc. (hereinafter Same Day), Mouzone's employer, to perform certain deliveries and that Same Day and Amazon were liable for Mouzone's conduct, among other things, under the doctrine of respondeat superior. Following discovery, Amazon moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated October 4, 2021, the Supreme Court, inter alia, granted Amazon's motion. The plaintiffs appeal.
An employer is vicariously liable for its employees' torts, even where an offender employee's conduct was intentional, if the acts were committed while the employee was acting within the scope of his or her employment (see Rivera v State of New York, 34 NY3d 383, 389; Yildiz v PJ Food Serv., Inc., 82 AD3d 971, 972; Carnegie v J.P. Phillips, Inc., 28 AD3d 599, 600). "However, the employer bears no vicarious liability where the employee committed the tort for personal motives unrelated to the furtherance of the employer's business" (Yildiz v PJ Food Serv., Inc., 82 AD3d at 972; see Rivera v State of New York, 34 NY3d at 389-390). "Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer" (Yildiz v PJ Food Serv., Inc., 82 AD3d at 972).
Here, Amazon established, prima facie, that it was not vicariously liable for Mouzone's alleged conduct by demonstrating that such conduct was not within the scope of her employment, nor was it reasonably foreseeable by Amazon (see id.; see also Maldonado v Allum, [*2]208 AD3d 470, 471; Carnegie v J.P. Phillips, Inc., 28 AD3d at 600). In opposition, the plaintiffs failed to raise a triable issue of fact.
Similarly, Amazon demonstrated, prima facie, that it was not liable for Mouzone's alleged conduct under theories of negligent hiring or negligent supervision by presenting evidence that it did not know, nor should it have known, of Mouzone's propensity for the conduct resulting in the plaintiffs' injuries (see Shah v Runway Towing Corp., 235 AD3d 794, 796; Yildiz v PJ Food Serv., Inc., 82 AD3d at 972; Carnegie v J.P. Phillips, Inc., 28 AD3d at 600). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Amazon's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, the parties' remaining contentions need not be addressed.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court